United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60548

_____

BRADFORD C. MAILLY,

                                    Plaintiff-Appellant,

versus


PARK PLACE ENTERTAINMENT CORP, doing business as Grand Casino
Tunica; BL DEVELOPMENT CORP,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:01-CV-194
--------------------

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant, Bradford Mailly ("Mailly"), appeals the

district court's grant of Defendant-Appellee's motion for

judgment as a matter of law on his 42 U.S.C. § 1981 race

discrimination in employment claim.  Mailly also appeals an

evidentiary ruling at trial below that excluded testimony

relevant to his Title VII retaliation claim.  The jury found

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

against Mailly on that claim.[1]

Mailly asserts that judgment as a matter of law was wrongfully granted because he presented sufficient evidence for a reasonable jury to find that racial discrimination was a motivating factor in the decision to fire him. Specifically, Mailly argues that he presented sufficient evidence for a jury to find either (i) that the legitimate, non-discriminatory reason proffered by the Defendant, Park Place Entertainment ("PPE"), was mere pretext or (ii) that, in addition to PPE's proffered reason, racial discrimination was a motivating factor under a "mixed motive" analysis. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Having reviewed the record, and after hearing oral arguments, we find no error which would require setting aside the judgment of the district court.

With respect to Mailly's appeal of the district court's grant of judgment as a matter of law, we review the district court's ruling *de novo*, making all reasonable inferences in favor of Mailly, the non-moving party. *See Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1042 (5th Cir. 1998). Having done so, we conclude that he did not raise a fact issue on pretext. With

---

[1] At oral argument, Appellant abandoned his third point of appeal: his contention that the district court erred in admitting Mailly's EEOC file into evidence. Accordingly, it is not addressed here.

respect to Mailly's mixed motive theory, Mailly never raised such a theory before the district court.  Instead, he makes the argument for the first time on appeal.  Accordingly, we find that Mailly waived his mixed motive claim.  Nevertheless, we have reviewed his argument and, were it not waived, we would easily conclude that he did not raise a fact issue on a mixed motive theory.

With respect to Mailly's appeal of the district court's evidentiary ruling, we find no error in the trial court's ruling. We review evidentiary rulings under an abuse of discretion standard.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998).  The evidence in question comes exclusively from a settlement conference and thus falls squarely within the protection granted by Rule 408 of the Federal Rules of Evidence. Fed. R. Evid. 408.  Therefore, the district court did not abuse its discretion by excluding the evidence.

For the foregoing reasons, the opinion of the district court is in all ways AFFIRMED.